Andrews v. Thorp.

---

## George G. Andrews v. David B. Thorp.

A plea in abatement is waived by a plea in bar. The record cannot contain both pleas undisposed of, at the same time.

By appearing in a justice's court, and pleading to the merits, the defendant waives all defects in the form of the summons, and all irregularities therein, or in the service thereof.

Although, by § 33 of the act of 1831, to abolish imprisonment for debt, &c., it is provided, that if a non-resident defendant be proceeded against by summons, returnable less than two or more than four days from its date, the justice shall have no jurisdiction *of the cause;* yet, if the defendant appear and plead to the merits, the defect is cured. It may be regarded as a voluntary appearance, without process.

The justice, having jurisdiction of the *subject matter*, may, by the defendant's appearance and plea, acquire jurisdiction of the *person*, although the summons be so irregular, that *by virtue thereof*, he acquires no jurisdiction of the cause.

Where, in a justice's court, the defendant, after pleading to the merits, moved to dismiss the cause for defects in the summons; it was *held*, that the motion was made too late, and should have been denied.

THE plaintiff, on the 28th day of September, 1852, caused a summons against the defendant to be issued from the fifth district court. It was served on the defendant the following day, and was returnable the ensuing sixth of October.

On the return day, both parties appeared before the justice, by their respective attorneys. The plaintiff complained for money due upon a contract, alleging the terms thereof, &c. The defendant answered with a general denial, and also that a judgment had been obtained in the superior court, which was satisfied.

After the pleadings were put in, the defendant's attorney moved that the suit be dismissed, on the ground that the defendant was a non-resident of the city and county of New York, and that the summons served upon him was the usual "long summons," when the statute declares, that unless a non-resident is sued by a "short summons," a justice shall not have jurisdiction.

The cause was adjourned to the 13th of October, when the parties again appeared as before, and it was admitted that the defendant resided in Brooklyn. The justice then dismissed the action for want of jurisdiction, and a judgment was entered for the defendant. An appeal was taken by the plaintiff to this court.

*John Andrews*, for the appellant.

*William B. Smith*, for the respondent.

BY THE COURT. WOODRUFF, J.—It was held by us in *Lighter* v. *Haskins*, (Nov. Gen. Term, 1851,) that an appearance by the defendant before the justice, and pleading to the merits, waived all defects in the form of the summons, and all irregularities therein, or in the service thereof.

Although the summons may be such, or may be so served that, *by virtue thereof*, the court below acquires no jurisdiction of the cause, (2 Rev. Stat. 3d ed. p. 371, § 33, of the act to abolish imprisonment for debt, &c.,) it by no means

follows, that having jurisdiction of the subject matter, the justice may not proceed in the action if he acquire jurisdiction of the *person* in *any mode*.

The particular section of the statute relied upon here by the appellant, does not at all repeal the well settled rule, that a voluntary appearance, even without process, gives jurisdiction of the person, and that a plea in bar is a waiver of defects, which are properly only pleadable in abatement.

It may, therefore, for the purposes of this case, be conceded, that by virtue of the summons issued, or the service thereof, the justice acquired no jurisdiction of the cause, nor of the person of the defendant. And yet the defendant appeared, submitted to his jurisdiction without objection, and pleaded to the merits. This was enough. The defendant is in no worse condition than if he had appeared *without process ;* and indeed he may, for the purposes of the case, be regarded as having done so.

We have repeatedly held to this view since the decision in *Lighter* v. *Haskins* was made.

It is true, that after issue joined, the defendant below " moved to dismiss the suit," on the ground that the defendant being a non-resident, could only be proceeded against by a short summons. And the justice granted the motion, or gave judgment of dismissal upon this ground.

As a mere motion in the cause, it was too late. The defendant by a general appearance, and pleading to the merits, had waived the objection, and so the justice should have decided.

If what the justice in his return calls a motion can, by any liberal view of the informal proceedings in the justices' courts, be regarded as in the nature of a plea to the jurisdiction, then it should have been disregarded by the justice, for there cannot be a plea in abatement and a plea to the merits on the record undisposed of at the same time ; the latter waives the former. And so we held in a recent case since *Lighter* v. *Haskins* was decided. (*Monteith* v. *Cash*, Sept. Gen. Term, 1852.) (*a*)

---

(*a*) *Ante,* p. 412.

The cases cited in the first named decision support these views; and see, also, *Seymour* v. *Judd*, 2 Comst. 468; 2 Hill, 140, 6 ib. 622.

The judgment must be reversed.